Frank LONGO, Appellee,

v.

**UNITED STATES POSTAL SERVICE, et al., Appellants.**

No. 374, Docket 91–6141.

United States Court of Appeals, Second Circuit.

Submitted Nov. 30, 1992.

Decided Dec. 28, 1992.

duty to mitigate expenditures.

Stuart M. Gerson, Asst. Atty. Gen., Douglas N. Letter and Steve Frank, Attys., Dept. of Justice, Gary E. Shapiro, Postal Service, Washington, DC; and Richard Palmer, U.S. Atty., Bridgeport, CT, submitted a brief for appellants.

Martin Margulies, Matthew Horowitz, and Wieselman, Horowitz & Thayer, Bridgeport, CT, submitted a brief for appellee.

Before: TIMBERS, WINTER and WALKER, Circuit Judges.

TIMBERS, Circuit Judge:

On January 13, 1992, we entered a judgment and filed an opinion, 953 F.2d 790, which reversed a summary judgment entered April 8, 1991 in the District of Connecticut, Alan H. Nevas, *District Judge*, in an action entitled *Longo v. United States Postal Service*, 761 F.Supp. 220. The district court held unconstitutional a Postal Service Regulation which prohibited campaigning on Postal Service property. In reversing, we held that the regulation was content-neutral and served a significant state interest.

On October 5, 1992, the Supreme Court entered an order granting certiorari, vacating the judgment of this Court, and remanding the case to this Court for further consideration in light of *Burson v. Freeman*, 112 S.Ct. 1846 (1992).

We ordered counsel for the respective parties to file briefs addressed chiefly to the issue whether *Burson* controls in the instant case. Such briefs have been filed. We have carefully reconsidered as ordered by the Supreme Court.

For the reasons that follow, we adhere to our original decision and reverse the judgment of the district court.

I.

The facts in this case are not in dispute. They have been set forth clearly in both the district court opinion and our original opinion. We therefore need not fully restate them here. We summarize only those facts believed necessary to an understanding of the discreet issue now before us.

Appellee challenged the constitutionality of the Postal Regulation, 39 C.F.R. § 232.-1(h)(1) (1992), which prohibits campaigning

on postal premises. The district court, in granting summary judgment in favor of appellee, held that, despite the fact that the postal walkway on which appellee was prohibited from campaigning is a nonpublic forum, the regulation was not reasonable.

On appeal, we found no need to determine whether the postal walkway was a nonpublic forum because we held that the regulation was a valid content-neutral restriction on the time, place, and manner of expressive activity. We held that there was a significant state interest in a regulation which enables the Postal Service to avoid actual entanglement in partisan politics and the appearance of political favoritism. 953 F.2d 790, 794.

## II.

■ A facially content-based restriction on speech is subject to exacting scrutiny, requiring that the regulation be narrowly drawn to serve a *compelling* state interest. *Burson, supra,* 112 S.Ct. at 1851; *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 45 (1983). It is rare that a law survives such high scrutiny. *Burson, supra,* 112 S.Ct. at 1852 (the integrity of the electoral process is one of the rare compelling state interests). While we have held that the state's interest in enacting the regulation involved in the instant case may be significant, surviving the exacting scrutiny required for content-neutral time, place, and manner restrictions, we decline to hold that it is compelling.

■ There are grounds, however, on which we believe we should reverse the district court and uphold the validity of the regulation. If we hold that the postal walkway involved is a nonpublic forum, then the standard applied to determine the validity of the regulation is a "reasonableness" test. This was the focus of the opinion of the district court in this case, which held that the postal walkway was a nonpublic forum. Judge Nevas, therefore, applied a "reasonableness" test to determine if the regulation was constitutional. 761

F.Supp. 220, 229–30. The regulation ultimately was struck down by the district court because it was found to be unreasonable. *Id.* at 232.

Although we are not necessarily bound by the Supreme Court's plurality opinion in *United States v. Kokinda,* 497 U.S. 720 (1990), which held that a postal sidewalk which is used solely for passage of individuals engaged in postal business is a nonpublic forum, we choose to follow that analysis (which also has been the analysis used in several other circuits). *Jacobsen v. United States Postal Service,* —— F.2d ——, 1992 WL 152116 (9 Cir. July 7, 1992) (adopting *Kokinda*'s plurality opinion); *see also Monterey County Democratic Cent. Comm. v. United States Postal Service,* 812 F.2d 1194 (9 Cir.1987); *United States v. Belsky,* 799 F.2d 1485 (11 Cir.1986); *United States v. Bjerke,* 796 F.2d 643 (3 Cir.1986); *American Postal Workers Union v. United States Postal Service,* 764 F.2d 858 (D.C.Cir.1985), *cert. denied,* 474 U.S. 1055 (1986). As in *Kokinda,* the interior postal walkway here involved, which was constructed solely for the purpose of assisting patrons of the post office to get from the parking lot to the front door of the post office, is a nonpublic forum. As the district court below stated, "The layout of the post office in *Kokinda* is virtually identical to the layout of the post office in Torrington, Connecticut at issue in the instant challenge...." 761 F.Supp. at 228. Both structures are freestanding buildings, separated from the public streets and sidewalks by interior postal walkways. While the main sidewalks are public passageways, the interior walkway is not.

■ As the Supreme Court stated in *International Soc. for Krishna Consciousness v. Lee,* 112 S.Ct. 2701 (1992), a public forum is not created whenever the public can freely visit an area owned or operated by the Government. *Id.* 2706; *Cornelius v. NAACP Legal Defense and Educ. Fund, Inc.,* 473 U.S. 788 (1985). This is

particularly true if the area is separated from traditional public areas, indicating the existence of a separate enclave. *Lee, supra,* 112 S.Ct. at 2706.

 Upon a finding that an area is a nonpublic forum, the only requirement of the regulation is that it be reasonable and not an effort to suppress a speaker because of a disagreement with that person's views. *Lee, supra,* 112 S.Ct. at 2705–06; *Perry, supra,* 460 U.S. at 46. Further, the regulation need not be the most reasonable restriction. *Lee, supra,* 112 S.Ct. at 2708. Our prior opinion held that this regulation served a *significant* state interest in precluding postal workers from political entanglement, and it satisfied the requirement for a content-neutral time, place, and manner restriction. In view of our prior opinion, it logically follows that this regulation also meets the lesser requirement of reasonableness. Nothing in *Burson,* a case involving a public forum, requires a contrary result.

### III.

To summarize:

Although the regulation involved in this case no longer can be found content-neutral, the postal walkway is a nonpublic forum with respect to which reasonable restrictions on speech may be imposed. We hold that the regulation is reasonable and survives constitutional scrutiny. We adhere to our original disposition of this case.

Reversed.