**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Herman PRICHETT,**
**Defendant–Appellee.**

No. 89–3579.

United States Court of Appeals,
Eleventh Circuit.

April 12, 1990.

Benjamin W. Beard, Asst. U.S. Atty., Pensacola, Fla., for plaintiff-appellant.

R. John Westberry, Pensacola, Fla., for defendant-appellee.

Before KRAVITCH, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

Our review of the sentencing hearing transcript satisfies us that the government failed to raise any objection to the district court's decision to depart from the career offender guideline applicable in this case. Normally, we will not consider an argument raised for the first time on appeal. *United States v. Belsky,* 799 F.2d 1485, 1488 n. 4 (11th Cir.1986). This rule is also applicable to sentencing proceedings. *See, e.g., United States v. Houston, et al.,* 892 F.2d 696, 706–07 (8th Cir.1989) (government's failure to object to defendants' motion that sentencing guidelines were unconstitutional and should not be applied, barred government's appeal following *Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989)). As part of the plea bargain, the government agreed that "the sentence to be imposed [would be] left solely to the discretion of the District Court," and that "it [would] make no specific recommendation as to any length of incarceration." This agreement, however, does not change our analysis. The gravamen of the government's appeal is that the district court did not properly apply the guidelines when sentencing Pritchett. The existence of a plea agreement does not relieve the government of the necessity to enter its objection when it believes the district court has misapplied the guidelines in imposing a sentence. The district court must be afforded the opportunity to correct its alleged errors. *See* Fed. R.Crim.Pro. 51 ("it is sufficient that a party ... makes known to the court the action which that party desires the court to take or that party's objection to the action of the court and the grounds therefor"). During the sentencing proceeding, the district court and defense counsel engaged in a lengthy discussion of whether the guidelines permitted a departure when the offender qualified as a career offender. Initially, the district judge believed the guidelines barred a departure under these circumstances; ultimately, however, he agreed with defense counsel that a departure was permissible. The government's attorney was present for the entire discussion and declined to comment when invited to do so by the court. The government's failure to object in this instance is fatal to its appeal.

AFFIRMED.