958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES Of America, Plaintiff-Appellant,
v.
Eric GOOD, Defendant-Appellee.
 No. 90-10440.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1991.
Decided March 17, 1992.
 
 1
 Before POOLE, REINHARDT, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 INTRODUCTION
 
 3
 The United States appeals from the district court's sentence of 80 months under the Sentencing Guidelines imposed on Eric James Good. We dismiss the government's appeal.
 
 BACKGROUND
 
 4
 Good engaged, in a twelve day period during December 1989, in five bank robberies. The first two robberies were carried out jointly with codefendant Andrew Ralph. Those robberies were unarmed. The three other robberies were carried out jointly with codefendant Franklin Davidson. During the last two robberies, Good carried a gun which he displayed to the tellers, and which he believed to be unloaded and inoperable. Shortly after the final robbery, Good and his codefendants were arrested.
 
 
 5
 All three defendants entered into separate plea agreements. Good pled guilty to three unarmed bank robberies (18 U.S.C. § 2113(a)), two armed bank robberies (18 U.S.C. § 2113(d)), and to one count of using a firearm during a crime of violence (18 U.S.C. 924(c)). Davidson pled guilty to one count of unarmed bank robbery, two counts of armed bank robbery, and one count of using a firearm during a crime of violence. Ralph pled guilty to six counts of unarmed bank robbery.[1] Because the cases were partially overlapping, they were heard together for purposes of sentencing.
 
 
 6
 The government filed a timely appeal from Good's sentence. It contends that the district court improperly departed downward from the guidelines range in order to eliminate a perceived disparity between Good and codefendant Ralph.
 
 DISCUSSION
 
 7
 Good argues that we should dismiss the government's appeal from his sentence because the government failed to object to the sentence or to the district court's grant of departure on the basis of a disparity between Ralph's sentence and Good's sentence. Good further contends that the sentence should be upheld because the government has failed to challenge on appeal the other bases for the district court's sentencing departure.
 
 
 8
 Good is correct that the government's failure to object to a sentence or a ground for departure in the district court amounts to a waiver of appellate review of that sentence or ground for departure. See United States v. Prichett, 898 F.2d 130, 131 (11th Cir.1990) (government's failure to object to grounds for departure waives issue for appeal); United States v. Garcia-Pillado, 898 F.2d 36, 38-39 (5th Cir.1990) (government's failure to object to imposition of sentence within guidelines but below statutory minimum waives issue for appeal); United States v. Houston, 892 F.2d 696, 706-07 (8th Cir.1989) (government's request that defendant be sentenced in accordance with guidelines is not proper objection; failure to articulate clear objection does not preserve issue for appeal); see also United States v. Serrano, 938 F.2d 1058, 1060-61 (9th Cir.1991) (where some of sentence terms specifically mentioned in plea agreement and others generally referred to, and defendant did not object after court imposed all sentencing terms, sentence was not improper in that respect); cf. United States v. Lopez-Cavasos, 915 F.2d 474, 475-79 (9th Cir.1990) (both defendant and government failed to object to presentence report; court reviews only for plain error).
 
 
 9
 Several other circuits have noted that even where the propriety of a sentence is purely a legal issue, all litigants should have an incentive to call errors to the attention of the district court so that they may be corrected by that court. See Prichett, 898 F.2d at 131; Garcia-Pillado, 898 F.2d at 39-40.
 
 
 10
 We need not go that far in deciding this case because, as detailed below, the vice in the governments' position before us lies in the fact that it gave no inkling to the district court that it asserted the illegality of the ground that it now says was so clearly and egregiously illegal.
 
 
 11
 Here, the government waived appellate review of the asserted error by failing to object to the disparity departure. At the beginning of the sentencing hearing for all three defendants, the court engaged the AUSA in a lengthy discussion concerning the propriety of the charging decisions which resulted in Ralph's not being charged with the section 924(c) weapons count while Davidson and Good were. The AUSA defended the charging decision, and advised the court that she felt it was justified by the evidence. Through the remainder of the sentencing hearing, the AUSA made no further statements referencing the possible disparity between Ralph and the other defendants. The AUSA later stated that the United States recommended "the low end of the guidelines for each defendant."
 
 
 12
 Finally, Good's counsel argued that the court should sentence Good in such a way as to eliminate the disparity between Good's sentence and Ralph's sentence as a result of the weapons charge. Good's counsel also argued that several factors which are not ordinarily considered relevant, such as age and educational background, converged to create an atypical case justifying departure in Good's sentence. When asked to respond, the AUSA stated, "Your Honor, again, we would recommend the low end of the guidelines. We don't believe that the downward departures are warranted. We believe the presentence report is a thorough and accurate report and we would submit on that basis." Notably absent was any assertion that the disparity ground was a legally improper basis for a departure.
 
 
 13
 Even after the court pronounced sentence and explained that the downward departure was based, at least in part, on the disparity between Ralph's sentence and Good's sentence, the AUSA offered no objection or statement as to the propriety of that departure.[2]
 
 
 14
 The AUSA's defense of the charging decision at the beginning of the sentencing hearing does not constitute an objection to the court's later departure based on unwarranted sentencing disparity. Nor was the AUSA's general statement that the government felt that downward departures were unwarranted sufficient to preserve the issue of the absolute legal impropriety of a departure because of sentencing disparity. The government's request that the defendant be sentenced in accordance with the sentencing guidelines was not a clearly articulated objection, and did not preserve the issue for appeal.
 
 
 15
 We decline to review the departure because the government did not properly preserve its challenge on the disparity ground.[3] Its failure to even argue the other grounds for departure on appeal leaves us nothing to review. The appeal is DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Four of the robberies to which Ralph pled guilty did not involve either Good or Davidson. Those apparently include the hand grenade robberies discussed at the joint sentencing hearing
 
 
 [2]
 The AUSA did eventually ask to correct "one misimpression in the record" as to the fact that the gun carried by Good was operable, though he apparently believed it to be inoperable. All parties agreed that it was not relevant whether the gun was in fact operable
 
 
 [3]
 We are aware of our authority to review unpreserved legal issues on appeal under the plain error standard. See Lopez-Cavasos, 915 F.2d at 475-76, 479. However, given the plethora of reasons that the district court gave for departing, we are unable to say that the court's consideration of this ground--even if erroneous, an issue we do not decide--was highly prejudicial and affected a substantial right. Id. at 479