**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Christopher BROKEMOND,**
**Defendant–Appellant.**

No. 90–9176.

United States Court of Appeals,
Eleventh Circuit.

April 24, 1992.

---

Tony L. Axam, Atlanta, Ga., for defendant-appellant.

Amy D. Levin, Michael O'Leary, Asst. U.S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before ANDERSON, Circuit Judges, HILL\*, Senior Circuit Judge, and YOUNG\*\*, Senior District Judge.

HILL, Senior Circuit Judge:

Appellant Brokemond appeals his conviction in the district court of conspiracy to possess and distribute and attempted possession and distribution of one kilogram of cocaine.

Appellant raises two issues for this court's consideration. First, appellant argues that a supplemental instruction given to the jury by the district court judge violated appellant's constitutional right to a fair trial by coercing the jury to return a guilty verdict. Second, appellant claims that the district court's sentencing of appellant under Federal Sentencing Guidelines was not supported by an adequate factual foundation and thus denied appellant his constitutional rights of equal protection and due process.

Our ruling in *Watson v. Alabama*, 841 F.2d 1074 (11th Cir.1988), instructs that the judge's supplemental instruction was not coercive. Regarding the application of Federal Sentencing Guidelines, appellant failed to raise his first objection before the district court and is precluded from doing so for the first time on appeal. Appellant's second objection fails because a sufficient factual foundation supports the district

\* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

\*\* Honorable George C. Young, Senior U.S. District Judge for the Middle District of Florida, sitting by designation.

judge's determination, which was not erroneous.

Although appellant does not raise the issue, we find the district judge's procedure at sentencing in conformity with our ruling in *United States v. Jones*, 899 F.2d 1097, 1103, *cert. denied*, —— U.S. ——, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), requiring the solicitation of fully articulated objections following the imposition of sentence.

AFFIRMED

### I. *The Supplemental Instruction*

After receiving the initial charge and instructions from the judge, and several hours into their deliberations, the jury returned to the courtroom and indicated that they had reached a verdict. A verdict form was presented to the judge, which showed that the jury had not reached a unanimous verdict.[1] After the jury returned to the courtroom, the following exchange took place:

> The Court: Be seated, please. Members of the jury, I understand you've reached a verdict.
>
> Foreperson: I didn't hear what you said.
>
> The Court: Have you reached a verdict?
>
> Foreperson: Yes, sir.
>
> The Court: All right, I'm sorry you didn't understand the Court. You have to reach a unanimous agreement on each of these three counts. You didn't understand that?
>
> Foreperson: Yes, sir, we did.

> The Court: Well, I'll have to ask you to return to the jury room and resume your deliberations. We'll get you a new verdict form. You may now retire back to the jury room.

R. 2–3–141–42.

No objections were raised after the supplemental instructions. Seventy minutes after the above colloquy took place, the jury returned with a unanimous guilty verdict.

■ Appellant argues that the supplemental instruction coerced the jury into returning the guilty verdict.[2] The applicable standard of review is whether under the totality of the circumstances the trial judge's instruction to the jury was coercive. *Lowenfeld v. Phelps*, 484 U.S. 231, 108 S.Ct. 546, 550, 98 L.Ed.2d 568 (1988); *Jenkins v. United States*, 380 U.S. 445, 446, 85 S.Ct. 1059, 1060, 13 L.Ed.2d 957 (1965). We do not view the single instruction in isolation, but rather in light of the overall charge. *Watson v. Alabama*, 841 F.2d 1074, 1076 (11th Cir.1988). We decide whether the "instruction by itself so infected the entire trial that the resulting conviction violated due process." *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973).

This matter is controlled by our ruling in *Watson v. Alabama, supra*, a case involving nearly identical circumstances in which we ruled that a nearly identical supplemental instruction given to a jury was not coercive.[3] In *Watson*, we noted that the

---

1. The verdict form is not part of the record on appeal, and its absence remains unexplained. The record shows that appellant's counsel was told by the district judge that the form would be available for review as part of the record. R. 4–3–148. Despite the absence of the form, the parties do not dispute the fact that the verdict form indicated either a ten to two (10–2) or a nine to three (9–3) split among the jurors, the majority of jurors finding guilt beyond a reasonable doubt. From the colloquy between the judge and the foreperson, it appears obvious that the jury had not reached a unanimous verdict.

2. Appellant seeks to characterize this supplemental instruction as an *Allen* charge. An *Allen* charge, approved by both the United States Supreme Court and this Circuit, is an admonition made by the judge to a deadlocked jury which

instructs further effort to reach a verdict. *See Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). An *Allen* charge is scrutinized on appeal to ensure compliance with specific requirements. Appellant urges such scrutiny on this appeal. There was no report made by the jury that they were deadlocked, and the supplemental instruction does not bear indicia of a traditional *Allen* charge. Appellant's characterization of the supplemental instruction as an *Allen* charge is inaccurate and it will not be scrutinized on appeal as an *Allen* charge.

3. We note that the supplemental instruction we examine in the present appeal is no more susceptible to the coercive label urged by appellant than was the instruction in *Watson:*

> The Court: I want to know. Is this your verdict?

judge's initial charge to the jury was thorough, extensive and correct and that the supplemental instruction only reemphasized the requirement of unanimity. *See* 841 F.2d at 1076. The same reasoning applies here.

■ Appellant concedes that the district judge's initial charge to the jury was complete and thorough. The charge emphasized the presumption that the defendant was innocent and the government's burden of proof beyond a reasonable doubt. R. 3–109, 110, 116–18, 120, 122. The requirement of unanimity in reaching a verdict was clearly put before the jury and repeated twice during the initial charge. R. 3–123, 124. The original charge made it clear that no juror was required to give up his or her sincerely held belief regarding appellant's innocence or guilt.[4] R. 3–123.

The reemphasis of the unanimity requirement in the supplemental instruction was merely a reiteration of that part of the initial charge. In no way did the supplemental instruction suggest to the jury *which* verdict it should return. Nor is there any evidence that the court precluded appellant from raising any objection to the instruction at the time it was given. Viewing the supplemental instruction in light of the totality of the overall charge, which was correct in all respects, we find that it was not coercive and thus not a violation of appellant's constitutional rights.[5]

■ Appellant also claims that because the numerical split of the jury was revealed to the judge when he first examined the verdict form, the subsequent supplemental instruction was inherently coercive and a mistrial should have been declared. Inquiry made by the court regarding the numerical split of a divided jury is grounds for reversal. *See Brasfield v. United States*, 272 U.S. 448, 47 S.Ct. 135, 71 L.Ed. 345 (1926). However, no such judicial inquiry was made here; the numerical split was disclosed to the judge by the foreperson without any solicitation by the judge. Unsolicited disclosure of the jury's division by a juror is not by itself grounds for a mistrial. *See United States v. Norton*, 867 F.2d 1354, 1365 (11th Cir.1989).

■ Appellant relies upon case law in which courts have found coercion to exist regardless of whether the disclosure was solicited by the court or voluntarily disclosed by a juror. *See, e.g., United States v. Webb*, 816 F.2d 1263 (8th Cir.1987); *United States v. Sae–Chua*, 725 F.2d 530 (9th Cir.1984); *Williams v. United States*, 338 F.2d 530 (D.C.Cir.1964). However, in each of these cases, disclosure of the jury's numerical split was followed by the making

---

Forewoman: Well, may I speak to the court?
The Court: Let me explain, a verdict must be unanimous.
Forewoman: Well, it is not unanimous.
The Court: All right. You must retire and begin your deliberations anew and arrive at a unanimous verdict.
Forewoman: That was the question. I told them in the beginning it must be unanimous.
The Court: Yes, it must be unanimous. I ask that you go back to the jury room and continue your deliberations until you arrive at a unanimous verdict.
*Watson*, 841 F.2d at 1075.

4. The judge's charge, in relevant part, was as follows:

Now, any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to reach a verdict, all must agree....
It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself but only after full consideration of the evidence with other members of the jury. And while you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you are wrong. But do not give up your honestly held belief solely because the others think differently or merely to get the case over with.
R. 3–123.

5. Appellant sought to rely upon the sworn statement of juror Jackson in arguing that the instruction was coercive. Jurors are incompetent to testify as to the effect of an instruction on the jury's deliberations or a juror's thought processes except on the question of whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Fed.R.Evid. 606(b); *see Watson v. Alabama*, 841 F.2d at 1076 n. 2. Accordingly, the district court was correct in not considering juror Jackson's statement on appellant's motion for a new trial, *see* R. 1–66–4, and we do not consider the statement on appeal.

**210**

of an *Allen* charge. As we have already noted, the supplemental instruction given by the district court was not an *Allen* charge and is not examined as such on appeal. *See* note 2, *supra*. Further, we have ruled that even where the judge undertakes the inquiry into numerical split and thereafter follows it with an *Allen* charge, reversal is unnecessary absent a showing that either action, or a combination of the two actions, was inherently coercive. *See Norton*, 867 F.2d at 1365–66 (citations omitted). In the present appeal, the absence any of these elements—judicial inquiry, a subsequent *Allen* charge, or a showing of inherent coercion—leads us to conclude that the revelation of the jury's numerical split to the judge does not require reversal.

## II. *Sentencing Guidelines*

■ Appellant disputes his sentencing under the Federal Sentencing Guidelines. Appellant initially argues that he was eligible for a two point sentencing reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. The probation officer's presentence report recommended that the court find that appellant did not demonstrate an affirmative acceptance of responsibility, as required for the downward departure. Appellant did not file an objection to the sentencing report and did not object at sentencing when no downward departure was granted.[6] R. 7–2–10. Consequently, he is precluded from raising the issue for the first time on appeal. *See United States v. Asseff*, 917 F.2d 502, 506 n. 4 (11th Cir. 1990); *United States v. Prichett*, 898 F.2d 130, 131 (11th Cir.1990).

■ In determining appellant's offense level, the district court looked to the amount of cocaine involved (one kilogram). *See* U.S.S.G. § 2D1.1. Appellant claims it was error for the court to rely on this amount because the quantity involved was dictated by the Special Agent with whom appellant planned the drug transaction. Appellant claims he did not determine the

amount of cocaine for sale, and had no option to deal in an amount less than one kilogram. Thus, appellant argues, the amount involved should not influence his criminal offense level under Sentencing Guidelines.

Appellant raised this argument before the district court at sentencing. R. 7–6. Review of the district court's application of Sentencing Guidelines requires evaluation of the district court's factual findings under the clearly erroneous standard, with due deference given district court's application of the Guidelines to the facts. 18 U.S.C. § 3742(e); *see United States v. Griffin*, 945 F.2d 378 (11th Cir.1991); *United States v. Scroggins*, 880 F.2d 1204, 1206 n. 5 (11th Cir.1989), *cert. denied*, 494 U.S. 1083, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990).

The judge's reliance on the quantity of cocaine in setting appellant's criminal history category was not in error. There was sufficient evidence at trial to convict appellant of knowingly and voluntarily entering into an agreement to purchase one kilogram of cocaine. Accordingly, the judge's determination of appellant's offense level was not erroneous.

## III. *The Jones Issue*

■ Our ruling in *United States v. Jones*, 899 F.2d 1097 (11th Cir.), *cert. denied*, — U.S. ——, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), requires the district court to elicit fully articulated objections following the imposition of sentence. *Id.* at 1103. This enables the district court to correct potential errors immediately and sharpens the issues on appeal. Where such objections are not elicited, we are bound to vacate the sentence and remand for resentencing. *Id.*

After announcing the appellant's offense level, criminal history category and the applicable Guideline range of 63 to 78 months incarceration, the district judge instructed the attorneys, "I will hear from you." R. 7–2. Thereafter, appellant's attorney re-

---

**6.** Appellant notes inaccuracies in the PSI regarding his education and job status. At oral argument, appellant's lawyer explained that these inaccuracies were corrected before the district judge at sentencing and no related error is alleged on appeal.

quested that the court sentence appellant at the bottom of the Guideline range, and made a plea that the court consider mitigating circumstances. Appellant made a brief statement to the judge. Appellant was then sentenced by the court at the bottom of the applicable Guideline range to 63 months incarceration.

The district judge's statement, "I will hear from you," and hearing of the subsequent statements from appellant and his attorney satisfies the *Jones* requirement. The opportunity to raise objection was offered prior to rather than immediately following the imposition of sentence. However, in this instance all relevant sentencing considerations had been announced in open court and were known to the parties and the opportunity for objections to be presented, passed on and cured by the district court was adequate to satisfy *Jones*.

*Judgment*

The supplemental instruction given by the district court not being coercive, and appellant's sentencing being factually supported and otherwise proper, the judgment of the district court is

AFFIRMED.