9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert BECKLEY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robbin MOZEE, Defendant-Appellant.
 Nos. 91-50191, 91-50297.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Nov. 1, 1993.
 
 1
 Before: HALL, RYMER, Circuit Judges, and FITZGERALD, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Robbin Mozee and Albert Beckley were both members of an eleven person cocaine trafficking conspiracy. Mozee appeals the district court's denial of her motion to suppress evidence and its refusal to grant her a sentence reduction for acceptance of responsibility. She also alleges prosecutorial misconduct in the form of improper vouching during closing argument. Beckley appeals the district court's denial of his motions to suppress evidence and sever counts 6 and 7 of the indictment. Beckley further claims there was insufficient evidence to support both his conviction for carrying a firearm during a drug trafficking crime and his conviction for participating in a single conspiracy. He also appeals his sentence. We affirm.
 
 I.
 Mozee's claims
 
 4
 A. Suppression of wiretap evidence.
 
 
 5
 In United States v. Young, a memorandum opinion arising out of the appeal of codefendant Young, we affirmed the district court's refusal to suppress wiretap evidence admitted at trial. United States v. Young, No. 91-50197 (9th Cir. May 7, 1993). Young and Mozee both joined codefendant Cunningham's motion to suppress, but raised no additional arguments at trial. They were all convicted at the same trial. On these facts, the law of the case established in Young governs and the district court's refusal to suppress is affirmed. See United States v. Schaff, 948 F.2d 501 (9th Cir.1991).[1]
 
 
 6
 B. Prosecutorial Misconduct.
 
 
 7
 Mozee argues comments made by the prosecutor during closing argument constituted improper vouching and statements of personal impression. Since Mozee failed to raise these objections at trial, we review for plain error. United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir.1993); Fed.R.Crim.P. 52(b).
 
 
 8
 The Ninth Circuit has recently noted that no bright line rule exists as to when vouching will result in reversal. Necochea, 986 F.2d at 1278. Rather, a number of factors are considered. See id. When reviewing for plain error, the court must also balance the seriousness of the vouching against the strength of the curative instruction and closeness of the case. Id. If the defendant's guilt is not a close question, reversal is not warranted. Id. at 1281. Here, assuming without deciding the prosecutor made improper comments, this case is not so close as to require reversal for plain error.[2]
 
 
 9
 C. Sentencing issues.
 
 
 10
 Mozee argues that the district court erred in declining to adjust her sentence downward based on acceptance of responsibility. Two other circuits have found that a claim for downward departure for acceptance of responsibility is waived if: 1) appellant did not file an objection to the presentence report and 2) did not object at sentencing when no downward departure was granted. United States v. Brokemond, 959 F.2d 206, 210 (11th Cir.1992); United States v. Allison, 953 F.2d 870, 875 (5th Cir.), cert. denied, 112 S.Ct. 2319 (1992).
 
 
 11
 Here, Mozee did not object to the probation officer's recommendation that no acceptance of responsibility reduction be granted. Further, she made no objection at sentencing when no downward departure was granted. In arguing against waiver, Mozee relies exclusively on a letter written to the district court before actual sentencing. We do not find that this single letter suffices as an objection and thus the claim is waived.[3]
 
 
 12
 Mozee also claims that she was penalized for exercising her constitutional rights because the trial court improperly relied on a comment made in her presentence report.[4] We find this claim is waived as Mozee did not raise it below. See United States v. Amerson-Bay, 898 F.2d 681, 683 (8th Cir.1990) (defendant who failed to raise constitutional objection to guideline enhancement in the district court waived right to have court address issue for first time on appeal).
 
 
 13
 Even if Mozee's claim is not waived, it is without merit as she provides no specific evidence that the district court held her decision to go to trial or her refusal to give her own version of the facts against her. In fact, the trial court did grant an acceptance of responsibility reduction to codefendant Young, who also went to trial.
 
 II.
 Beckley's claims
 
 14
 A. Sentencing issues.
 
 
 15
 Beckley argues the district court improperly calculated relevant conduct by attributing drug quantities to him without making a specific finding as to what amount was reasonably foreseeable to him under U.S.S.G. §§ 2D1.4 and 1B1.3.
 
 
 16
 We need not reach this issue as Beckley's argument was not preserved for appellate review. A defendant who fails to contest drug quantity at the district court level, either by objecting to the presentence report or by objecting during sentencing, waives the claim. See United States v. Belden, 957 F.2d 671, 674-75 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). Here, Beckley did not object to the drug amount contained in the presentence report and did not object during sentencing. As such, his claim has been waived.
 
 
 17
 Beckley also argues, for the first time in his Answering Brief, that the district court erred by refusing to grant him a downward departure pursuant to U.S.S.G. 3B1.2(b) for being a minor participant in the offense. Legal issues raised for the first time in reply briefs are waived. United States v. Bentson, 947 F.2d 1353, 1356 (9th Cir.1991), cert. denied, 112 S.Ct. 2310 (1992). However, issues can be reached if the appellee has not been misled and the issue has been fully explored. Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990).
 
 
 18
 Here, Beckley did contend during the sentencing proceedings that he was a minor participant and thus arguably the issue has been fully explored. He states in his Answering Brief that the issue was not raised earlier "due in part to the fact that the sentencing transcript was not available to appellant until receipt of the Appellee's Brief was submitted." We do not find this excuse valid and therefore find this claim waived.[5]
 
 
 19
 B. Sufficiency of evidence supporting § 924(c) conviction.
 
 
 20
 Beckley argues that insufficient evidence supported his § 924(c) conviction because the government failed to prove that the gun and cocaine seized from his vehicle on June 3, 1989 were related to one another. The test for insufficiency is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 21
 Section 924(c) contains two requirements. First, the government must establish that the firearm at issue was "related to" the underlying crime. The second requirement is the defendant must have "used" or "carried" the firearm. United States v. Torres-Medina, 935 F.2d 1047, 1048-49 (9th Cir.1991). Here, officers found a loaded .44 magnum revolver, 161.7 grams of cocaine, and 28.1 grams of cocaine base in the door panel of Beckley's car. Beckley admitted that he owned the gun and that he was selling drugs to make extra money. On these facts, a rational jury could conclude that both requirements of Section 924(c) were met.
 
 
 22
 C. Admission of Exhibit 213.
 
 
 23
 Beckley argues that the district court erred by improperly admitting Exhibit 213, a list of names and phone numbers, without proof of authorship. Under Fed.R.Evid. 801(d)(2)(E), a statement by a coconspirator is admissible only if "made in the course of and in furtherance of a conspiracy." Id. In addition, there must be independent proof of the defendant's and the declarant's status as members of the same ongoing conspiracy before a statement will be admitted under this exception because "[i]n order to corroborate or refute this status, the litigants must know the identity of the declarant." United States v. Ordonez, 737 F.2d 793, 801 (9th Cir.1984).
 
 
 24
 Beckley's reliance on United States v. Mouzin, 785 F.2d 682 (9th Cir.), cert. denied, 479 U.S. 985 (1986) is misplaced as Mouzin is distinguishable from the present case. Here, the author of Exhibit 213 was established at trial when coconspirator Kevin Wright admitted to entering the names and phone numbers. Furthermore, the contents of the document were independently proven through the testimony of coconspirator Nelson and Agent Snow.[6] The trial court did not abuse its discretion in admitting Exhibit 213 as a statement of a coconspirator.
 
 
 25
 D. Suppression of evidence seized from Beckley's vehicle.
 
 
 26
 Beckley initially argues that the district court erred in denying him an evidentiary hearing in connection with his motion to suppress. We find that the trial court did not abuse its discretion because Beckley failed to introduce any evidence in support of his motion to suppress that factually conflicts with any representation made by the government. See United States v. Licavoli, 604 F.2d 613, 621 (9th Cir.1979), cert. denied, 446 U.S. 935 (1980).
 
 
 27
 Beckley also argues that the district court failed to make factual findings sufficient to permit appellate review. Where the district court fails to make "essential" factual findings on the record sufficient to permit review of its denial of a suppression motion, we must remand for additional factual findings. United States v. Prieto-Villa, 910 F.2d 601, 602 (9th Cir.1990); Fed.R.Crim.P. 12. However, extremely general findings are often sufficient. See United States v. Gomez, 846 F.2d 557, 560 (9th Cir.1988) (a finding that the search was consensual and therefore legal was sufficient). Here, the trial court denied Beckley's motion to suppress on two alternative grounds.[7] Despite being somewhat general, the factual findings were sufficient to permit appellate review.
 
 
 28
 Beckley next argues that the district court erred in finding probable cause to conduct a warrantless search of his car. Here, the record supports the trial court's determination that Sult had probable cause to believe that Beckley's car contained illegal contraband. Sult was an experienced narcotics officer who was extremely familiar with the methods of local cocaine dealers. A confidential informant had made highly specific, corroborated declarations, against his penal interest, about Beckley's drug trafficking activities. Sult also saw in plain view a foil package partially hidden under the center console of Beckley's vehicle. These facts support the district court's finding that Sult had probable cause.
 
 
 29
 Where an officer has probable cause to believe a vehicle contains evidence of a crime, he may conduct a warrantless search of the vehicle and all containers therein that might conceal the object of the search. United States v. Ross, 456 U.S. 798, 825 (1982). Thus, Sult was entitled to conduct a warrantless search of Beckley's entire vehicle, especially the driver's door armrest panel where he knew that the contraband was likely hidden.
 
 
 30
 E. Sufficiency of evidence supporting a single conspiracy.
 
 
 31
 Beckley argues that there was insufficient evidence to prove a single conspiracy and that multiple conspiracies were proved at trial. In two memorandum opinions arising out of the appeals of codefendants Young and Johnson, we held that the evidence presented at trial was sufficient to prove the existence of a single conspiracy. See United States v. Young, No. 91-50197 (9th Cir. May 7, 1993); United States v. Johnson, No. 91-50186 (9th Cir. May 7, 1993). Our finding in those cases constitutes the law of the case in Beckley's appeal. See United States v. Schaff, 948 F.2d at 506.
 
 
 32
 Once the existence of a single conspiracy is established, even a "slight connection" is sufficient to find that a defendant was part of the conspiracy. United States v. Bibbero, 749 F.2d 581, 587 (9th Cir.1984). Viewed in the light most favorable to the government, the evidence was clearly sufficient for the jury to find that Beckley participated in a single conspiracy.
 
 
 33
 F. Joinder and Severance.
 
 
 34
 Beckley argues that counts 6 and 7 were improperly joined in the indictment. Joinder of multiple defendants is proper where all of the offenses charged in the indictment arose out of the same series of acts or transactions. Fed.R.Crim.P. 8(b). Count 6 charged all codefendants with possession with intent to distribute the drug amounts seized from Beckley's vehicle on June 3, 1989. Count 7 charged Beckley, also on June 3, 1989, with carrying a firearm during a drug trafficking crime. The drug and gun possession by Beckley that formed the basis for counts 6 and 7 also served as an overt act in furtherance of the conspiracy charged in count 1 of the indictment. On these facts, joinder was proper under Rule 8(b). See United States v. Kabbaby, 672 F.2d 857, 861 (11th Cir.1982); United States v. Graham, 548 F.2d 1302, 1310 (8th Cir.1977).
 
 
 35
 Beckley also argues that even if the counts were properly joined, the district court erred in refusing to sever pursuant to Fed.R.Crim.P. 14, which permits severance if it appears either party will be prejudiced by a joinder of offenses or defendants. The Supreme Court has recently stated that "... a district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 113 S.Ct. 933, 938 (1993).
 
 
 36
 Beckley argues the strong evidence of his guilt on counts 6 and 7 prejudiced his defense on the other counts. However, the same evidence needed to prove the offenses in counts 6 and 7 was admissible to prove overt act 9 of the conspiracy count. Thus, separate trials would not have prevented the government from introducing the June 3, 1989 drug and gun possession.[8]
 
 
 37
 We AFFIRM the rulings of the district court.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In addition to incorporating arguments made by codefendants Young and Johnson, Mozee also urges reversal on the ground that Special Agent Schwarz made a false oral statement to the district judge who authorized the wiretap. This argument is waived as it was not raised below. See United States v. Restrepo-Rua, 815 F.2d 1327, 1329 (9th Cir.1987). Even if the argument is not waived, it is without merit as Schwarz' allegedly false statement was not material to a finding of necessity. See United States v. Ippolito, 774 F.2d 1482, 1485 (9th Cir.1985)
 
 
 [2]
 Mozee seemed to recognize this fact, basing her whole argument for reversal on the assumption that the evidence obtained from the wiretap would be excluded. However, for reasons stated earlier, the district court properly admitted wiretap evidence and thus the record amply supports Mozee's conviction
 
 
 [3]
 Even if this claim is not waived, we find it to be without merit. See United States v. Sanchez, 908 F.2d 1443, 1451 (9th Cir.1990) (citations omitted)
 
 
 [4]
 Paragraph 70 of Mozee's presentence report reads:
 Adjustment for Acceptance of Responsibility: In addition to pleading not guilty to all of the counts of the Indictment, the defendant refused to discuss her version of the offense with the undersigned probation officer. Therefore, based on § 3E1.1(a), a two-level reduction is not warranted.
 
 
 [5]
 Even if this claim is not waived, it is without merit as the record clearly supports the district court's finding that Beckley was not a minor participant
 
 
 [6]
 The fact that the testimony of Wright, Nelson and Snow came after the trial court admitted Exhibit 213 does not render the trial court's initial ruling reversible. Rather, the effect of the later testimony was to cure any foundational defect that might have occurred. See United States v. Rea, 958 F.2d 1206, 1219 (2nd Cir.1992) (initial lack of foundation supporting expert testimony cured by supporting evidence admitted after the expert testimony)
 
 
 [7]
 First, the trial court found that no stop actually occurred as Beckley was approached only after he voluntarily parked his vehicle. Detective Sult noticed contraband in plain view, lawfully arrested Beckley, and conducted a valid search incident to that arrest. Alternatively, the district court found that Sult's affidavit established probable cause to believe Beckley was carrying contraband in the panel of the driver's door of his car. Given the existence of probable cause, the district court found the search legal pursuant to the Supreme Court's decision in United States v. Ross, 456 U.S. 798, 825 (1982)
 
 
 [8]
 We also reject Beckley's argument that it would be unreasonable to expect the jury to compartmentalize the evidence against him. Beckley offered no specific facts to support this claim. Further, the jury was instructed to consider each count and each defendant separately