[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14946
Non-Argument Calendar

_____

D. C. Docket No. 05-00083-CR-T-24-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUBER MORENO,
a.k.a. Libardo Moreno-Gonzlez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 13, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Huber Moreno appeals his 135-month sentence for conspiracy to

possess with intent to distribute cocaine while aboard a vessel subject to United States jurisdiction, in violation of 46 U.S.C. App. § 1903(a), (g), (j), 21 U.S.C. § 960(b)(1)(B)(ii), 18 U.S.C. § 2, and possession with intent to distribute cocaine, in violation of 46 U.S.C. App. § 1903(a), (g), 21 U.S.C. § 960(b)(1)(B)(ii).  On appeal, Moreno argues that his only function was as a mechanic, and he was a last-minute hire on the crew of the "go-fast" vessel ("GFV") that the United States Coast Guard intercepted, searched, and from which it recovered 1,968 kilograms of cocaine.  He contends that he had no interest in the cocaine, and was a low-level individual in the overall conspiracy.  Based on his participation, Moreno argues that the guidelines mandated his base offense level be capped at 30 under U.S.S.G. § 2D1.1(a)(3).  He concludes that an adjustment for his small role in the offense is appropriate under an advisory guidelines system, and the failure to grant him one stifles Congress's intent that low-level traffickers receive one.

Normally, we do not consider arguments raised for the first time on appeal. *United States v. Prichett*, 898 F.2d 130, 131 (11th Cir. 1990) (citation omitted); *see also United States v. Brokemond*, 959 F.2d 206, 210 (11th Cir. 1992) (applicant precluded from raising issue related to U.S.S.G. § 3E1.1 reduction when he did not file an objection to the PSI and did not object when the district court did not grant the departure).  This rule applies to sentencing proceedings. *Prichett*, 898 F.2d at

2

131 (citation omitted). In addition, 18 U.S.C. § 3742(a) does not authorize us to consider a defendant's appeal of the district court's discretionary decision not to apply a downward departure. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005); *see also United States v. Wright*, 895 F.2d 718, 720 (11th Cir. 1990) (§ 3742 does not cognize a claim that the district court failed to depart further).

To the extent that Moreno argues that the district court erred in failing to depart downward from the guideline range, we do not have authority under § 3742(a) to consider his claim. To the extent that Moreno's appeal may be considered to be asserting that the district court erred in failing to provide a minor role reduction, his arguments are also not properly before us. At sentencing, Moreno argued that the district court should depart from the applicable guideline range, partly because he was not as involved with the conspiracy as the other members of the GFV's crew. He did not argue that he was entitled to a reduction as a minor participant or otherwise object to the PSI's failure to provide such a reduction. Accordingly, any argument regarding a mitigating role reduction under U.S.S.G. § 3B1.2 is not properly before us. For the above-stated reasons, we affirm Moreno's sentence.

**AFFIRMED.**

3