[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15742
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cr-00042-WTH-PRL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH EVERETTE ROBINSON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 22, 2017)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Kenneth Everette Robinson appeals his 180-month sentence, imposed at the low end of his guideline range, after he pleaded guilty to one count of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and (e)(1).  Robinson first argues that we should either vacate and remand his sentence to the district court, or apply the standard of review for preserved error, because the court failed to properly elicit objections after imposing his sentence, as required under *Jones*.[1]   Next, he argues that his ACCA-enhanced sentence a violation of the Fifth and Sixth Amendments.  Finally, he argues that his conviction under 18 U.S.C. § 922(g)(1) is void because § 922(g) is unconstitutional facially and as applied.  After a careful review, we affirm.

I.

A federal grand jury charged Robinson with being a felon in possession of a firearm and ammunition.  To support his felon status, the indictment listed four Florida convictions, consisting of two sale and possession of cocaine convictions, a possession of cocaine with the intent to sell conviction, and a possession of

---

[1] The government contends that Robinson's sentence appeal waiver precludes him from raising a *Jones*-based challenge on appeal. *See United States v. Jones*, 899 F.2d 1097 (11th Cir. 1990) *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (en banc). Although Robinson's sentencing appeal waiver technically bars him from personally raising the issue on appeal, the error at issue bears on our duty as an appellate court to determine the appropriate standard of review, which we cannot do unless we review whether the district court complied with the procedures this Court directed be followed in *Jones*.  Thus we review, on the basis of our independent reviewing authority, whether the district court violated this Court's instructions in *Jones*.  *See* 18 U.S.C. § 3742(e) (setting forth the standards for an appellate court to apply in reviewing a sentence).

2

cannabis with the intent to sell conviction.  Robinson signed a written plea agreement that contained a sentence appeal waiver, preventing him from appealing the sentence absent the applicability of one of the exceptions—his sentence exceeds the statutory maximum or the applicable guidelines range, or if his sentence violated the Eighth Amendment.  At sentencing, the court noted that neither Robinson nor the Government had many objections to the presentence investigation report (PSI).  The court then went on to note the four predicate convictions supporting Robinson's ACCA enhancement, at which time Robinson objected to the cannabis offense being counted, while also acknowledging that its exclusion would not affect Robinson's ACCA enhancement.  Lastly, the court heard arguments on what Robinson's suggested sentence should be, imposed a sentence at the low end of the guidelines range and asked if there was anything further that needed to be discussed.  Both parties answered in the negative and the hearing was adjourned.[2]

## II.

As a threshold matter, Robinson alleges that the district court erred by failing to elicit objections, as required by *Jones*, following the imposition of his sentence and that such an error requires remand.

---

[2] Before Robinson told the court that nothing else needed to be addressed, the court did grant Robinson's request for his sentence be served at Coleman.

A district court, after imposing a sentence, must provide parties an additional opportunity to object to the court's ultimate findings of fact, conclusions of law, and the manner in which the sentence is pronounced. *Jones*, 899 F.2d at 1102. "[W]hen a district court fails to elicit objections after imposing a sentence, we normally vacate the sentence and remand to the district court to give the parties an opportunity to present their objections. [But a] remand is unnecessary, however, when the record on appeal is sufficient to enable review." *United States v. Campbell*, 473 F.3d 1345, 1347 (11th Cir. 2007) (per curiam). We have found that "meaningful appellate review" was possible when claims raised on appeal were discussed in the district court. *See United States v. Cruz*, 946 F.2d 122, 124 n.1 (11th Cir. 1991).

There is no exact language or procedure that a district court must follow to comply with *Jones*. For example, in *Brokemond*, we concluded that the district court's statement, "I will hear from you," which was made prior to imposing the sentence, satisfied *Jones*. *United States v. Brokemond*, 959 F.2d 206, 210–11 (11th Cir. 1992). There, the defendant's guideline range had previously been announced in open court and, following the court's statement, the defendant gave argument on the issue—requesting a sentence at the bottom of the guideline range and making a plea that the court consider any mitigating circumstances. *See id.* We explained that "[t]he opportunity to raise objection was offered prior to rather than

4

immediately following the imposition of sentence.  However, in this instance all relevant sentencing considerations had been announced in open court and were known to the parties and the opportunity for objections to be presented, passed on and cured by the district court was adequate to satisfy *Jones*."  *Id.* at 211.  But in contrast, we have also held that the district court's inquiry of whether there was "anything further" after imposing the defendant's sentence, where no objections were made, was insufficient to satisfy *Jones*.  *United States v. Snyder,* 941 F.2d 1427, 1428 (11th Cir. 1991) (per curiam).

Here, as in *Brokemond*, Robinson was given an opportunity to object to his sentence before his sentence was imposed—the opportunity was just given prior to the court imposing the sentence and after each relevant sentencing consideration was announced in open court.  *See Brokemond,* 959 F.2d at 210–11.  However, the facts in the instant case are also similar to those in *Snyder*, where the district court only inquired whether there was "anything further," after imposing the defendant's sentence, and the defendant did not respond with objections.  *Snyder,* 941 F.2d at 1428.  But regardless of whether the may be a technical violation of *Jones*, remand is unnecessary, because the record is sufficient to enable "meaningful appellate review" of the sentencing issues that Robinson now raises on appeal.  See *Cruz,* 946 F.2d at 124 n.1, *United States v. Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006) (per curiam).  Accordingly, where applicable, we employ the standard of

5

review used for preserved error to review the two issues challenging the ACCA-enhanced sentence. *Johnson*, 451 F.3d at 1242.

III.

Next, Robinson argues that his sentence violates the Fifth and Sixth Amendments because he was improperly sentenced under the ACCA, resulting in a sentence that exceeds the statutory maximum. To support this argument, Robinson first contends that his three prior Florida convictions for violating Fla. Stat. § 893.13, which were used to enhance his sentence, do not qualify as "serious drug offenses." He contends that although the text of the ACCA definition of "a serious drug offense" does not include a mens rea requirement, looking at the congressional intent reveals that the provision should be interpreted as requiring that the defendant have knowledge of the illicit nature of the substance. Notably, Robinson concedes that his argument is foreclosed by binding precedent but states that he maintains the argument in case there is further review.

Pursuant to the ACCA, a person who violates 18 U.S.C. § 922(g)(1) and has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" will be subject to a mandatory minimum sentence of 15 years' imprisonment. 18 U.S.C. § 924(e)(1). The ACCA defines serious drug offenses as offenses under state law, "involving manufacturing, distributing, or possessing with intent to manufacture or distribute,

6

a controlled substance." *Id.* § 924(e)(2)(A)(ii).  Although generally a defendant may appeal the ACCA enhancement, such an appeal can be waived.  *See United States v. Phillips*, 834 F.3d 1176, 1182–83 (11th Cir. 2016) (holding that the defendant waived his right to challenge on appeal his armed career criminal status based on his actions in the district court).

In light of *Phillips,* it is clear that Robinson has waived his challenge to his armed career criminal status based on his actions before the district court.  Like the defendant in *Phillips*, Robinson "intentional[ly] relinquish[ed] or abandon[ed]" his right to challenge his sentence under the ACCA by actively conceding that he qualified as an armed career criminal.  *Id.* at 1183 (internal quotation marks omitted).  Like the defendant in *Phillips*, Robinson pleaded guilty to violating the ACCA and signed a plea agreement that stated that he understood and acknowledged that he must receive the 15-year statutory minimum.  *Id.*  His lawyer affirmatively asked that he receive the 15-year statutory minimum and failed to object to the PSI paragraphs listing his ACCA-qualifying convictions.  *Id.* "[W]hen a defendant waives an argument in the district court, we cannot review it at all because no error occurred in the first place."  *Id.*  (internal quotation marks omitted) (emphasis omitted).

But Robinson asserts that his sentence violates the Fifth and Sixth Amendments for another reason.  He also contends that the ACCA enhancement

7

caused him to be sentenced above the 10-year statutory maximum applicable to a non-enhanced § 922(g) conviction, even though certain elements of the ACCA enhancement—like whether his predicate offenses qualified as "serious drug offenses" and whether they were committed on separate occasions—were not charged in the indictment or found by a jury.  Although Robinson acknowledges that in, *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151 (2013), the Supreme Court held that a prior conviction is not required to be found by a jury, he contends that the questions of whether offenses qualify as serious drug offenses or whether they were committed on different occasions go beyond the elements of a prior offense and thus are not included in the *Alleyne* exception.

In *Smith,* a defendant made a similar argument when he asserted that it was unconstitutional for the district court to use his prior convictions to increase his statutory maximum sentence pursuant to the ACCA, because his prior convictions were not alleged by indictment.  *United States v. Smith,* 775 F.3d 1262, 1265–66 (11th Cir. 2014).  We rejected Smith's argument, stating that although generally "all elements of a crime must be alleged by indictment and either proved beyond a reasonable doubt or admitted by a defendant, there is an exception for prior convictions."  *Id.* at 1266.  We held that neither the Fifth nor Sixth Amendments require the government to allege in its indictment or prove to a jury beyond a reasonable doubt a defendant's prior convictions in order for the offenses to be

8

used to designate him an armed career criminal. *Id.* at 1266. And we specifically stated that this holding was not overruled by the Supreme Court's decision in *Alleyne. Id.* Therefore, *Smith* forecloses Robinson's argument.

IV.

Finally, Robinson argues for the first time on appeal that his conviction should be vacated because 18 U.S.C. § 922(g) is unconstitutional, facially and as applied. He contends that § 922(g) is facially unconstitutional because the statute exceeds Congress's scope of authority under the Commerce Clause by failing to require that possession of a firearm "substantially affect" interstate commerce. And he contends that it is unconstitutional as applied to his conviction because the government did not proffer any facts that established a substantial basis between his possession of weapons and interstate commerce. Robinson concedes that his arguments are "currently foreclosed" by precedent, but states that he seeks to preserve the issue for further review.

We review constitutional challenges raised for the first time on appeal for plain error. *See United States v. McKinley*, 732 F.3d 1291, 1295–96 (11th Cir. 2013) (per curiam). Under plain error review, we have discretion to correct an error where (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) "the error seriously affects the fairness, integrity or

9

public reputation of judicial proceedings." *Id.* at 1296 (internal quotation marks omitted).

"The constitutionality of the [statute] . . . under which [a] defendant[] w[as] convicted[] is a jurisdictional issue that [a] defendant[] d[oes] not waive upon pleading guilty." *United States v. Saac*, 632 F.3d 1203, 1208 (11th Cir. 2011). But we have held that an as-applied constitutional challenge that is based on the sufficiency of the government's evidence on the connection-with-commerce element is nonjurisdictional and is thus waived by the guilty plea. *See United States v. Cunningham*, 161 F.3d 1343, 1346 n.2 (11th Cir. 1998).

We have repeatedly rejected the argument that § 922(g)(1) is an unconstitutional exercise of Congress's power under the Commerce Clause, either on the face of the statute or as-applied. *See United States v. Scott*, 263 F.3d 1270, 1273 (11th Cir. 2001) (per curiam) (holding that "the jurisdictional element of the statute, i.e., the requirement that the felon possess in or affecting commerce, any firearm or ammunition, immunizes § 922(g)(1) from [a] facial constitutional attack") (internal quotation marks omitted); *United States v. Dupree*, 258 F.3d 1258, 1259–60 (11th Cir. 2001) (rejecting the argument that § 922(g)(1) is unconstitutional, both facially and as-applied, because Congress exceeded its authority under the Commerce Clause in passing the statute); *United States v. Nichols*, 124 F.3d 1265, 1266 (11th Cir. 1997) (per curiam) (same); *United States*

*v. McAllister*, 77 F.3d 387, 389–90 (11th Cir. 1996) (holding that as long as the weapon in question has a "minimal nexus" to interstate commerce, § 922(g) is constitutional).

We have also held that § 922(g)(1) was not unconstitutional as applied to a defendant who only possessed a firearm intrastate because "§ 922(g) is an attempt to regulate guns that have a connection to interstate commerce." *McAllister*, 77 F.3d at 390. If "the government demonstrate[s] that the firearm [in question] previously had traveled in interstate commerce, the statute is not unconstitutional as applied." *Id.*; *see also Dupree*, 258 F.3d at 1260 (holding that brandishing a firearm that was manufactured in another state suffices to establish the required "minimal nexus to interstate commerce"). And that is the scenario in the instant case. Here the government established, through the factual basis of the plea agreement, that the firearm and ammunition involved in Robinson's offense were manufactured outside of Florida, the state in which the offense took place, thus the firearm and ammunition would have had to travel in and affect interstate commerce. Accordingly, Robinson's claim is plainly without merit and we affirm.

**AFFIRMED.**

11