**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William SNYDER, Jr., a/k/a Chris
Robbins, Mike Robert Solis,
Defendants–Appellants.**

**No. 90–8927
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 28, 1991.

John W. Stokes, Jr., Norcross, Ga., for defendants-appellants.

Chandelle T. Summer, Gainesville, Ga., for Solis.

Wilmer Parker, III, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, COX, Circuit Judge, and CLARK, Senior Circuit Judge.

PER CURIAM:

At a joint jury trial, appellants were convicted of conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana. They now challenge their convictions; appellant Snyder also challenges his sentence.

We find no reason for setting aside appellants' convictions, and therefore affirm them. Appellants received a fair trial; the errors they cite—the trial court's instruction to a witness to "leave all your wild stories for someone else" and its submission of a tape recording to the jury—were harmless, if error at all.

We set aside, however, appellant Snyder's sentence, and remand the case for further proceedings. In *United States v. Jones,* 899 F.2d 1097, 1103 (11th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), we said that

[w]here the district court has not elicited fully articulated objections following the imposition of sentence, this court will vacate the sentence and remand for further sentencing in order to give the parties an opportunity to raise and explain their objections. Where the district court has offered the opportunity to object and a party is silent or fails to state the grounds for objection, objections to the sentence will be waived for purposes of appeal, and this court will not entertain an appeal based upon such objec-

tions unless refusal to do so would result in manifest injustice. The procedure that we announce today is to be followed for all sentences imposed after the expiration of one hundred and twenty days following the date of this opinion [i.e., after Aug. 28, 1990].

The district court, after imposing Snyder's sentence, did not elicit fully articulated objections from counsel; rather, the court merely inquired whether there was "anything further." Neither side voiced any objections. Snyder now contends that the court erred in fashioning his sentence.

The purpose of eliciting objections following the imposition of sentence is twofold. First, an objection, if well made, may permit the court to cure an error on the spot—perhaps making an appeal unnecessary. Second, by eliciting the parties' objections, the trial judge narrows, and sharpens, the issues presentable on appeal. So that the objections Snyder now makes to his sentence may be presented to, passed upon, and perhaps cured by the sentencing judge, we vacate Snyder's sentence and remand his case for further proceedings in accordance with *Jones'* mandate.

AFFIRMED in part; VACATED in part and REMANDED.