[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-16006
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 6, 2007
THOMAS K. KAHN
CLERK

_____

D. C. Docket No. 05-00099-CR-1-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS LEROY BEATTY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(September 6, 2007)**

Before TJOFLAT, ANDERSON, and BIRCH, Circuit Judges.

PER CURIAM:

Douglas Leroy Beatty pled guilty to armed robbery and possession of a

firearm in furtherance of a crime of violence.  When he committed those offenses, he was serving a term of supervised release after a conviction for conspiracy to possess with intent to distribute methamphetamine.  At the sentencing hearing for the new offenses, his supervised release was revoked and he was sentenced to an additional 60 months in prison.  On appeal, Beatty challenges only this 60-month sentence, arguing that the district court did not elicit objections as required by United States v. Jones, 899 F.2d 1097 (11th Cir. 1990), and did not consider the sentencing range established by the Sentencing Guidelines before imposing the 60-month sentence.[1]

Under the procedure established in Jones, "the district court must give the parties an opportunity to object to the court's ultimate findings of fact, conclusions of law, and the manner in which the sentence is pronounced, and must elicit a full articulation of the grounds upon which any objection is based."  United States v. Campbell, 473 F.3d 1345, 1347 (11th Cir. 2007).  The purpose of the rule is twofold.  "First, an objection, if well made, may permit the court to cure an error on the spot — perhaps making an appeal unnecessary.  Second, by eliciting the parties' objections, the trial judge narrows, and sharpens, the issues presentable on

---

[1] Beatty's counsel initially filed a motion to withdraw on appeal supported by a brief prepared pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We denied the motion to withdraw and directed counsel to file a merits brief addressing these two issues.

appeal." United States v. Snyder, 941 F.2d 1427, 1428 (11th Cir. 1991). When the district court fails to elicit articulated objections, we ordinarily "vacate the sentence and remand to the district court to give the parties an opportunity to present their objections." Campbell, 473 F.3d at 1347. We recently held in Campbell that the Jones procedure must be followed in supervised release revocation proceedings. Id. at 1348.

The district court did not follow the Jones procedure in this case. After sentencing Beatty, informing him of his appeal options, and asking him whether he understood the sentence, the district court simply asked, "Anything else?" We have noted that "when the district court merely asks if there is 'anything further' or 'anything else?' and neither party responds with objections, then the court has failed to elicit fully articulated objections and has therefore violated Jones." Campbell, 473 F.3d at 1348. The exchange in Campbell, which we held violated Jones, was virtually identical to the exchange in the instant case. See id. As a result, we must conclude that the district court did not elicit articulated objections as required by Jones. See also United States v. Holloway, 971 F.2d 675, 681 (11th Cir. 1992) (finding Jones violation where, after sentencing the defendant, the court only asked if there was "anything else").

Despite the Jones violation, a remand would not be necessary if the record

on appeal were sufficient to enable appellate review of Beatty's claim. See Campbell, 473 F.3d at 1347; United States v. Cruz, 946 F.2d 122, 124 n.1 (11th Cir. 1991). Beatty's claim is that the district court did not consider the Guidelines range when determining the sentence he would receive upon the revocation of his supervised release.[2] In a supervised release revocation hearing, the record must show that the district court at least "consider[ed] the sentencing range established under the Guidelines." Campbell, 473 F.3d at 1349. Because the Guidelines have always been advisory with respect to sentences imposed upon revocation of supervised release, "it is sufficient that there be some indication that the district court was aware of and considered the Guidelines." Id. (punctuation and citation omitted).

In Campbell there was no indication that the district court considered the Guidelines range: the district court never even said the word "Guidelines" during the revocation hearing. See Campbell, 473 F.3d at 1349. In this case, the district court said the word "Guidelines" during the hearing. Beatty was also being sentenced on the armed robbery and possession of a firearm convictions. The court expressly stated the Guidelines range for each of these convictions, and then gave a within-Guidelines sentence for each.

---

[2] Beatty did not make this argument in the district court, but because of the Jones violation, we overlook the failure to object. See Campbell, 473 F.3d at 1348.

4

There is no indication, however, that the district court considered the Guidelines range for the revocation of supervised release. The Court simply said, "I also find that you violated the terms and conditions of supervised release . . . and sentence you to 60 months imprisonment to be served consecutively to the sentence imposed" for the other convictions. Sixty months was within the Guidelines range of 51 to 60 months (51 to 63 months based on offense level and criminal history, but with a 60-month statutory maximum). But the district court never mentioned the Guidelines range with respect to the revocation of supervised release.

From the 60-month sentence alone, it is not possible to tell whether the court considered the Guidelines range. The court may have considered the Guidelines range and then chosen the top end. Or it may not have considered the Guidelines range, and simply sentenced Beatty to the statutory maximum.[3] Because we cannot discern from the record whether the district court considered the Guidelines range in revoking Beatty's supervised release, and because the district court did not elicit objections as required by Jones, we must vacate Beatty's 60-month sentence and remand for resentencing on the revocation of supervised release. See Campbell,

---

[3] The fact that the district court mentioned the Guidelines range with respect to the two convictions but not with respect to the revocation of supervised release tends to suggest that it did not consider the Guidelines range.

5

473 F.3d at 1349.

**VACATED AND REMANDED.**