[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14146
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2011
JOHN LEY
CLERK

D. C. Docket No. 1:00-cr-00045-WS-D-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY S. WIGGINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 22, 2011)

Before EDMONDSON, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Anthony Wiggins ("Wiggins") appeals his twelve month sentence imposed after the district court revoked his supervised release. The district court found that Wiggins failed to comply with a condition of his supervised release–namely, participation in drug testing and an out-patient drug treatment program. Wiggins argues that the district court erred in denying him the opportunity to fully articulate his objections at his revocation hearing. After thorough review, we affirm.

Wiggins argues that the district court violated the rule we established in United States v. Jones, 899 F.2d 1097 (11th Cir. 1990), overruled in part on other grounds by United States v. Morrill, 984 F.2d 1136, 1137–38 (11th Cir. 1993) (en banc), that after imposing a sentence, "the district court must give the parties an opportunity . . . to object to the district court's ultimate findings of fact and conclusions of law, and to the manner in which the sentence is pronounced." Id. at 1102. In Jones, we "instruct[ed] the district courts to elicit fully articulated objections, following imposition of sentence, to the court's ultimate findings of fact and conclusions of law." Id. "[T]he objection-elicitation requirement . . . is applicable to supervised release revocation proceedings." United States v. Campbell, 473 F.3d 1345, 1348 (11th Cir. 2007). This Court has held that when the district court merely asks if there is "anything further?" or "anything else?"

and neither party responds with objections, the district court has failed to elicit fully articulated objections as required by Jones.  See id. at 1348; see also United States v. Holloway, 971 F.2d 675, 681 (11th Cir. 1992); United States v. Snyder, 941 F.2d 1427, 1428 (11th Cir. 1991).

Wiggins's argument that the district court failed to elicit objections at his revocation hearing lacks merit.  After imposing Wiggins's within-guideline sentence and revoking his conditional supervised release, the district court asked Wiggins's counsel if he had "any objections or other matters we need to put on the record."  Wiggins's counsel responded by saying: "No, sir."  Unlike the cases in which the district court merely asked if counsel had "anything else" or "anything further," here the district court clearly asked Wiggins's counsel if he had "any objections . . . to put on the record."  On this record, we cannot say that the district court failed to elicit fully articulated objections as required by Jones.[1]

For these reasons, we AFFIRM Wiggins's sentence and the district court's revocation of his conditional supervised release.

---

[1] Because Wiggins challenges solely the district court's failure to elicit fully articulated objections, he has waived any other claims related to the revocation of his supervised release and imposition of his twelve-month sentence by failing to argue their merits on appeal.  See Fed. R. App. P. 28(a)(9)(A); see also Norelus v. Denny's Inc., 628 F.3d 1270, 1296–97 (11th Cir. 2010) (explaining that it is "by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed") (quotation marks omitted).

3

AFFIRMED.