[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14448
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00152-SDM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO VIERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 20, 2018)

Before MARCUS, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Sergio Viera appeals his 73-month sentence imposed after he pled guilty to

being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2).  On appeal, he argues that: (1) the district court substantively erred by

relying on an improper factor when determining his sentence; (2) the court erred by failing to adequately consider his Sentencing Guideline range; and (3) the court procedurally erred by failing to sufficiently explain his sentence. After careful review, we affirm.

We normally review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted). But if there was no objection to the procedural reasonableness during sentencing, we review for plain error. United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014). "To preserve an issue for appeal, a general objection or an objection on other grounds will not suffice." United States v. Gallo-Chamorro, 48 F.3d 502, 507 (11th Cir. 1995). "The purpose of eliciting objections following the imposition of sentence is twofold. First, an objection, if well made, may permit the court to cure an error on the spot -- perhaps making an appeal unnecessary. Second, by eliciting the parties' objections, the trial judge narrows, and sharpens, the issues presentable on appeal." United States v. Snyder, 941 F.2d 1427, 1428 (11th Cir. 1991). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error

only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id.  The party challenging the sentence bears the burden of showing it is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

In reviewing sentences for reasonableness, we perform two steps.  Pugh, 515 F.3d at 1190.  First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [factors listed in 18 U.S.C. § 3553(a)], selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'"  Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]

If we conclude that the district court did not procedurally err, we consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," based on the "totality of the circumstances."  Id. (quotation omitted).  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). However, a court may abuse its discretion if it (1) fails to consider relevant factors that are due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing a proper factor unreasonably. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Also, a court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence. United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006). We are highly deferential to district court sentencing determinations, and will not reverse a sentence, even where it is outside the Guideline range, so long as it is "in the ballpark" of permissible outcomes based on all the § 3553(a) factors. United States v. Rosales-Bruno, 789 F.3d 1249, 1251, 1254, 1256 (11th Cir. 2015) (affirming a sentence that was 60 months' higher than the high-end of the defendant's Guideline range, but 33 months' below the statutory maximum). When the appellant has shown that the sentencing court relied on an invalid factor, "a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." United States v. Kendrick, 22 F.3d 1066, 1068 (11th Cir. 1994) (quotations omitted).

4

Here, any procedural errors alleged by Viera are reviewed for plain error only.  While Viera said, at the close of sentencing, that he would "object procedurally and substantively," this objection did not state the particular grounds he was basing his objection on, and consequently, lacks the necessary specificity to preserve the issue on appeal.  Gallo-Chamorro, 48 F.3d at 507.  Indeed, because Viera had previously withdrawn his objections to his Guidelines calculations, his general objection failed to apprise the district court of any errors in a way that they could be corrected on the spot.  Snyder, 941 F.2d at 1428.

Reviewing for plain error, we conclude that Viera has not shown that the district court procedurally erred in imposing his sentence.  As the record reveals, the district court explained, at length, why it felt its upward variance was appropriate in Viera's case, citing specifically its need to take Viera's criminal history into account, protect the public, and deter Viera from committing additional crimes.  Viera even acknowledges that the court did so in his brief.  Thus, we cannot say that the district court committed any procedural error, much less committed plain error, in imposing the sentence.

As for whether the district court substantively erred, we are unpersuaded by Viera's claim that the district court improperly relied on an irrelevant factor -- namely, "deference to" Viera's previous five-year sentence.  Rather, the district court specifically relied on relevant, statutory factors in imposing the sentence in

5

this case.  In particular, the court noted the strong need to protect the public given Viera's long history of violence and use of firearms -- as the record shows, after being released from prison following his conviction for racketeering, Viera committed numerous violent offenses, including attempted murder with a firearm. The district court also noted the need to promote respect for the law and to effectively deter Viera from committing further crimes, where his lack of respect for the law was "palpable."  It is true that the court acknowledged Viera's previous sentence, and the need for his new sentence to reflect an "increment" beyond his prior sentence, but these words do not indicate the court's need to show deference to an earlier sentence, or that the court was bound by a sentencing "floor" a previous court had established.  Rather, the record suggests that the district court's overriding concern was  to protect the public in light of Viera's violent, escalating criminality where his previous sentence evidently had not deterred him.  Indeed, the district court noted an escalation of Viera's criminality, and, based in part on the disparity between the circumstances of his prior offenses and his instant offense, reasonably determined that an incrementally longer sentence was appropriate under the circumstances.

Nor did the district court improperly fail to consider the Sentencing Guidelines.  The court noted specifically that it had considered them, and then determined that, based on all the statutory factors, a sentence that was 26 months'

6

higher than the high-end of Viera's Guideline range was appropriate. Considering Viera's considerable and violent criminal history, we cannot say that this variance is outside the "ballpark" of permissible outcomes. <u>Rosales-Bruno</u>, 789 F.3d at 1254. Accordingly, we affirm his sentence.

**AFFIRMED**.