[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-15348
Non-Argument Calendar

————————————————

D.C. Docket No. 9:11-cr-80074-KAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PABLO LAZARO PEREZ,

Defendant - Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(July 31, 2018)

Before WILLIAM PRYOR, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Pablo Lazaro Perez appeals his 248-month sentence, imposed below the

advisory guideline range, after pleading guilty to five offenses: (1) conspiracy to

commit bank robbery, 18 U.S.C. § 371; (2) armed bank robbery, 18 U.S.C. § 2113(a), (d) & 18 U.S.C § 2; (3) brandishing a firearm during and in relation to the armed bank robbery, 18 U.S.C. § 924(c)(1)(A)(ii); and (4) two counts of possessing a firearm and ammunition as a convicted felon, 18 U.S.C. §§ 922(g)(1) & 924(e).  On appeal, Mr. Perez argues that his sentence is both procedurally and substantively unreasonable.  After careful review, we affirm.

## I

From approximately May of 2009 until March of 2011, Mr. Perez, along with Rolando Mesa, committed twelve armed bank robberies and attempted another in South Florida.  Mr. Perez participated in planning the robberies, provided the equipment used, and served as the getaway driver.  On May 11, 2011, Mr. Perez and Mr. Mesa were arrested.  Mr. Perez was found with two guns, one in his waistband and the other in the van he was driving.  A search of his home, subsequent to arrest, led to the discovery of a third gun and ammunition.  Of the amount stolen, $229,938, Mr. Perez profited approximately $107,000.  Pursuant to a plea agreement, Mr. Perez pled guilty to five offenses resulting from this conduct and the government dismissed the remaining charges.

On September 23, 2011, Mr. Perez was sentenced to 300 months' imprisonment—216 months for counts 1, 2, 4, and 5 and 84 months for count 3, relating to his violation of § 924(c), to run consecutively.  Because Mr. Perez had

previous burglary convictions, his criminal history category (and, accordingly, his advisory guideline range) was increased, and he was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Five years after he was sentenced, Mr. Perez filed a motion under 18 U.S.C. § 2255 to correct his sentence based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). He argued that his ACCA-enhanced sentence was no longer valid because it had been imposed under the residual clause in § 924(e)(2)(B)(ii), which was held unconstitutional in *Johnson*. Mr. Perez also claimed that he could not be convicted for violating § 924(c) because bank robbery was no longer considered a "crime of violence" after *Johnson*. The district court granted Mr. Perez's § 2255 motion in part, setting aside his sentences.

At the resentencing hearing, Mr. Perez's original offense level of 34 remained unchanged, but his criminal history category decreased from IV to III. This reduction lowered his advisory guideline range from the original range of 210–262 months' imprisonment to a range of 188–235 months, plus a consecutive 84-month sentence for the § 924(c) violation as required by 18 U.S.C. § 924(c)(1)(D)(ii).

After hearing from both parties, the district court elected to vary downward because it found that "[i]n considering the factors of this [§] 3553, . . . that a sentence below the guideline range will be sufficient but not greater than necessary

3

. . . so I am going to reduce his sentence below the guideline range but not nearly as much as has been requested." D.E. 84 at 21. Thus, the court imposed sentences of 60 months, 164 months, and 120 months for the conspiracy, armed bank robbery, and felon in possession counts, all to run concurrently, representing a downward variance of 24 months from the bottom end of the advisory guideline range. The district court also imposed the mandatory 84 months consecutive term for the § 924(c) violation, resulting in a total sentence of 248 months' imprisonment.

## II

We ordinarily review the reasonableness of a sentence for abuse of discretion. *See United States v. Foster*, 878 F.3d 1297, 1308 (11th Cir. 2018) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Yet, "[w]here a defendant fails to clearly state the grounds for an objection in the district court, [ ] he waives the objection on appeal and we are limited to reviewing for plain error." *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). Mr. Perez failed to object to the reasonableness of his sentences at his resentencing hearing before the district court. Thus, we review only for plain error. *See id.*[1]

---

[1] Mr. Perez did file *pro se* objections after the sentencing hearing, but these objections came too late to avoid plain error review. *See United States v. Carpenter*, 803 F.3d 1224, 1238 (11th Cir. 2015) (reviewing for plain error when counsel failed to inform court of specific objections at sentencing hearing); *United States v. Snyder*, 941 F.2d 1427, 1428 (11th Cir. 1991) (noting that one "purpose of eliciting objections following the imposition of sentence is" that "an objection, if well made, may permit the court to cure an error on the spot").

Under the plain error standard, Mr. Perez must show that "(1) there is an error; (2) that is plain or obvious; (3) affecting [his] substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005).

## III

A district court commits procedural error when it "fail[s] to calculate . . . the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence[.]" *Gall*, 552 U.S. at 51. On this record, the district court did not commit any procedural error in sentencing Mr. Perez, much less plainly err.

Mr. Perez argues that the district court erred by treating the guideline range as presumptively correct. We disagree. The record shows that, as required, the district court calculated and considered the advisory guidelines. *See* § 3553(a)(4)(A)(i). Mr. Perez does *not* contend that the guideline range was improperly calculated and nothing in the record supports his contention that the district court treated the guideline range as presumptively correct—i.e., mandatory. To the contrary, the court specified that it had considered the parties' arguments and the factors under § 3553(a) and actually varied downward, reasoning "that a

sentence below the guideline range will be sufficient but not greater than necessary." D.E. 84 at 21.

Next, Mr. Perez contends that the district court failed to consider all of the § 3553(a) factors. Again, we disagree. The Supreme Court's recent decision in *Chavez-Meza v. United States*, 138 S. Ct. 1959 (2018), is particularly applicable here as it considered a similar resentencing situation. After the advisory guidelines for certain drug offenses were reduced, the defendant in *Chavez-Meza* asked for a sentence reduction in light of the new range. *See id*. at 1963. Although the district court reduced his sentence, the new sentence was not at the bottom end of the new advisory guideline range. *See id*. The defendant appealed, arguing that he should have received a greater reduction and that the district court did not adequately explain why it imposed a sentence that was not "proportional" to the previous sentence, which was at the bottom end of the previous guideline range. *See id*. at 1963, 1966. The Supreme Court rejected this argument, stressing that "the record of the initial sentencing sheds light on why the court picked a point slightly above the bottom of the reduced Guidelines range when it modified petitioner's sentence." *Id.* at 1967.

Similarly, here, the district court—which had presided over the original sentencing hearing—and the parties made several references to the initial hearing. *See, e.g.,* D.E. 84 at 21 (district court referring to remarks "mentioned at the last

sentencing"); *id*. at 18 (Mr. Perez stating that he is "not the same person that I was . . . seven years ago when I was before this [c]ourt").  The district court also explicitly stated that it "ha[d] considered the statements of the parties, the Presentence Report" and the § 3553(a) factors.  *See id*. at 21.  As in *Chavez-Meza*, "there was not much else for the judge to say."  138 S. Ct. at 1967.  *See also United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) ("In general, the district court is not required 'to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.") (quotation marks omitted).  We conclude that the district court sufficiently explained the chosen sentence.

Lastly, Mr. Perez argues that the district court failed to consider *Dean v. United States*, 137 S. Ct. 1170 (2017), when determining the length of his sentence.  Contrary to his argument, however, the record makes clear that Mr. Perez's counsel brought *Dean* to the district court's attention and the district court expressly stated that it "ha[d] considered the statements of the parties."  Moreover, *Dean* does not require sentencing courts to consider mandatory minimum sentences under § 924(c) when calculating the sentence for predicate counts; rather, *Dean* emphasizes the district court's "long enjoyed discretion" and held that mandatory minimum consecutive sentences under § 924(c) *may* (not must) be considered.  *See id*. at 1175–77.

In sum, we are not convinced that the district court committed any procedural error, much less plain error, when sentencing Mr. Perez.

## IV

Next, we review the substantive reasonableness of a sentence for an abuse of discretion under the totality of the circumstances. *See Gall*, 552 U.S. at 51. "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). The party who challenges the sentence bears the burden to show that it is unreasonable in light of the record and the factors listed in § 3553(a). *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Because our review is deferential, we will only vacate the sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment[.]" *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016). Mr. Perez has not met his burden of establishing that the sentence imposed is substantively unreasonable.

Mr. Perez argues that the district court exclusively relied on the nature and circumstances of the offense to arrive at the sentence imposed, failing to give equal weight to the factors under § 3553(a). The record, however, shows that the court

8

did consider that Mr. Perez "may have changed while in prison," but concluded that those changes did not "excuse the conduct that brought him here." D.E. 84 at 22. The nature and circumstances of the offense is an appropriate factor to consider, *see* § 3553(a)(1), and nothing prevents the district court from giving great weight to an appropriate § 3553(a) factor over others. *See United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014) ("The district court must evaluate all of the § 3553(a) factors, but it may attach great weight to one factor over others") (quotation marks omitted). We reject Mr. Perez's contention that his sentence is substantively unreasonable.

## V

For the foregoing reasons, Mr. Perez's sentence is neither procedurally nor substantively unreasonable. We affirm.

**AFFIRMED.**

9